Michael D. Rounds
Nevada Bar No. 4734
Adam P. McMillen
Nevada Bar No. 10678
Adam K. Yowell
Navada Bar No. 11748
**WATSON ROUNDS**
5371 Kietzke Lane
Reno, Nevada  89511
Telephone:  775-324-4100
Facsimile: 775-333-8171
Email: mrounds@watsonrounds.com
Email: amcmillen@watsonrounds.com
Email: ayowell@watsonrounds.com

*COUNSEL FOR PLAINTIFF*
*UNITED COIN MACHINE CO.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED COIN MACHINE, CO., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GAMING TECHNOLOGY GROUP, a Nevada corporation,<br><br>Defendant. | Case No.  2:12-cv-195-LRH-PAL<br><br>**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE THE SUMMONS AND COMPLAINT** |

Plaintiff United Coin Machine, Co. ("United Coin") hereby moves the Court for a sixty (60) day extension of time from June 6, 2012 to August 6, 2012, to serve Defendant Gaming Technology Group ("GTG") with the Summons and Complaint.

## STATEMENT OF FACTS

United Coin has been a gaming route operator in Nevada for more than 50 years, with customers throughout the State of Nevada.  Doc. # 1, ¶ 5.  United Coin asserts that GTG's "GameLinx" secure payout system infringes United Coin's U.S. Patent Nos. 6,896,180 and 6,763,998.  *Id,* ¶¶ 9, 13-15, 23-24.

The Complaint in this action was filed on February 7, 2012.  Doc. # 1.  Since that time, United Coin and its counsel have been and continue to be engaged in months' long settlement negotiations with GTG and GTG's counsel.   Declaration of Michael Rounds ¶¶ 3-8.  Those settlement discussions have become more complicated by the involvement of third party IGT.  *Id.*  The parties currently have a settlement meeting set for July 11, 2012.  *Id.*  United Coin has not served GTG with the Summons and Complaint during the course of settlement negotiations because United Coin believes that doing so could compromise its ability to settle the case and would unnecessarily increase the costs of litigation.  *Id.,* ¶¶ 7-8.

## ARGUMENT

The Federal Rules of Civil Procedure allow a plaintiff 120 days from the date the Complaint is filed to effect service of the Summons and Complaint upon a defendant.  *See* Fed. R. Civ. P. 4(m).  If a plaintiff does not effect service within the 120-day period, the Court must dismiss the action without prejudice or order that service be accomplished within a specified time.  *Id.*  However, upon a showing of good cause, the Court must extend the time for service by "an appropriate period."  *Id.*   In addition, "even if there is no good cause shown," the Court has the discretion to relieve a plaintiff from the consequences of Rule 4(m) (i.e., dismissal without prejudice).  *Mann v. American Airlines,* 324 F.3d 1088, 1090 (9th Cir. 2003);  *See* Fed. R. Civ. P. 4(m) Advisory Cmte. Notes.

Here, the Complaint was filed on February 7, 2012.  Under Rule 4(m) the last day to serve

the Summons and Complaint was June 6, 2012. United Coin, however, has not served the Summons and Complaint within the time period provided in Rule 4(m). Nevertheless, good cause exists for an extension of time to serve the Summons and Complaint.

Good cause exists because the conduct of settlement negotiations constitutes good cause for granting an extension of time. See, e.g., *Bank of Cape Verde v. Bronson,* 167 F.R.D. 370, 371 (S.D.N.Y. 1995) (holding settlement negotiations constituted "good cause" within the meaning of Rule 4(m); *Heiser v. Ass'n of Apartment Owners,* 848 F. Supp. 1482, 1488 (D. Haw. 1993) (same); *Assad v. Liberty Chevrolet, Inc.,* 124 F.R.D. 31, 31 (D. R.I. 1989) (good cause shown where plaintiffs withheld service and exceeded time limit because they were engaged in good faith settlement discussions). Here, United Coin and its counsel have been and continue to be engaged in months' long settlement negotiations with the GTG and GTG's counsel. United Coin has not served GTG with the Summons and Complaint during the course of settlement negotiations because United Coin believes doing so would compromise its ability to settle the case. The Complaint should not be dismissed because United Coin chooses to pursue settlement rather than litigation at the outset of this case. If anything, settlement should be encouraged by granting United Coin's requested extension of time as settlement negotiations are continuing.

The extension that United Coin seeks is brief and is non-prejudicial to the Defendant. If the settlement negotiations fail, United Coin intends to ensure that the case proceeds promptly through discovery and to final disposition without further delay.

\\\

\\\

\\\

\\\

\\\

1

2

## CONCLUSION

3

4

For the foregoing reasons, the Court should grant United Coin a sixty-day extension of time to effect service of the Summons and Complaint upon GTG.  A proposed Order is filed concurrently herewith.

5

6

7

Dated: July 5, 2012

By:  /s/ Michael D. Rounds
Michael D. Rounds
Adam P. McMillen
Adam K. Yowell
Watson Rounds
5371 Kietzke Lane
Reno, NV  89511
Attorneys for United Coin Machine Co.

8

9

10

11

12

13

## ORDER

14

IT IS ORDERED that United Coin is granted a sixty-day extension of time to effect service of the Summons and Complaint upon GTG.

15

16

IT IS FURTHER ORDERED that no further extensions will be allowed.

17

DATED this 10th day of July, 2012.

18

19

Peggy A. Leen
United States Magistrate Judge

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of Watson Rounds, and that on this date a true and correct copy of the foregoing document, PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE THE SUMMONS AND COMPLAINT, was served upon the Chief Operating Officer of GTG, Jon Whipple, via first-class and electronic mail at the following address:

Jon Whipple
Gaming Technology Group
8820 West Russell Road, #160
Las Vegas, NV 89148
JonWhipple@gogtg.com


DATED: July 5, 2012                    /s/ Jeff Tillison
                                       An Employee of Watson Rounds

## DECLARATION OF MICHAEL ROUNDS

1.  I am counsel of record for Plaintiff United Coin Machine, Co. ("United Coin") in this action.  This declaration is based upon my personal knowledge.

2.  The Complaint in this action was filed on February 7, 2012.

3.  Since prior to February 7, 2012 through today, United Coin and Defendant Gaming Technology Group, Inc. ("GTG") have been conducting settlement negotiations to resolve this dispute.  Steve Arntzen, President and Chief Executive Officer of United Coin, and Steve Deschamps, Chief Financial Officer of United Coin, have both been engaged in settlement negotiations with Jon Whipple, Chief Operating Officer of GTG.

4.  I have personally been involved in these settlement negotiations either through advising my client or directly with GTG's out-of-state patent counsel.

5.  Part of the difficulty in getting this matter settled is the fact that GTG claims an exclusive license to the patents-in-suit through a license agreement between United Coin, IGT and Western Money Systems.  United Coin disputes that GTG is entitled to Western Money System's licensed rights, that the license agreement is exclusive, or that the agreement provides it any licensed rights, exclusive or otherwise, for the GameLinx product at issue in this case.

6.  GTG has sought to bring IGT into the settlement negotiations of this matter, further complicating and delaying the settlement discussions.  Nevertheless, the three parties have a settlement meeting currently set for July 11, 2012 at United Coin's offices.

7.  It was not until after United Coin filed the Complaint that it learned that the damages for the accused product in this case are, at this juncture, very limited.  As a result of this and the

ongoing settlement discussions, United Coin has not served the Complaint and directed its efforts at settlement negotiations instead of spending its money litigating for a small damages model. Litigation costs would far exceed damages or the value of an injunction at this juncture.  For these same reasons of cost, potential settlement and limited damages, United Coin has waited until today to file the present Motion in the hopes that this case would settle prior to today's date.

8.  United Coin respectfully requests a sixty (60) day extension until August 6, 2012 to serve the Complaint so that the parties can fully explore a complete settlement of this matter. The alleged infringing activity at issue is recently commenced, the damages are insignificant and there is no prejudice to any party as a result of this extension.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED:  July 5, 2012                         By: *Michael D. Rounds*
                                                  Michael Rounds